IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-mc-3900-WKW-SMD |
| | ) |
| GLENN EDWARD NUTT, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| MORGAN STANLEY, | ) |
| | ) |
| Garnishee. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is *pro se* Defendant's Motion to Dissolve Writ of Garnishment (Doc. 6) and the United States' opposition thereto (Doc. 11). Defendant has also moved for a hearing on this matter, (Doc. 10) at 3, to which he is statutorily entitled under limited circumstances. 28 U.S.C. § 3202(d); 28 U.S.C. § 3205(c)(5). The United States has also responded in opposition to Defendant's request for a hearing. (Doc. 15). The Court has previously consolidated this case with another garnishment action against Defendant and has designated this case as the lead case. (Doc. 16). *See also United States v. Nutt*, 2:19-mc-3903-WKW-SMD (M.D. Ala. 2019).

Following Defendant's conviction and incarceration, the United States sought $165,131.72 dollars in restitution. After Defendant failed to pay restitution, the United States filed for a writ of garnishment pursuant to 28 U.S.C. § 3205. The United States admits that Defendant timely filed his Motion to Dissolve Writ of Garnishment. (Doc. 15) at ¶ 5.

However, he filed his Claim for Exemption form (Doc. 10), which contains his request for a hearing, out of time. (Doc. 15) at 3-4. *See* 28 U.S.C. § 3205(c)(5) (requiring judgment debtor to file written objections to the garnishee's answer and request a hearing within 20 days of receipt of garnishee's answer). *See also* 28 U.S.C. 3202(d) (providing 20 days from receipt of garnishment notice for debtor to seek relief and to request a hearing). Here, Defendant was served on November 7, 2019. (Doc. 7). Morgan Stanley, the garnishee, answered on November 8, 2019 (Doc. 5), and Defendant filed his Claim for Exemption and his request for a hearing on December 5, 2019, which was 27 days after Morgan Stanley answered and 28 days after he received notice from the United States.

Additionally, Defendant is presently incarcerated at the Yazoo City Federal Correctional Institution in Yazoo City, Mississippi. This prison sits within the jurisdiction of the United States District Court for the Southern District of Mississippi. Pursuant to the notice required by statute, the United States informed Defendant that he could request a transfer to the district in which he resides. (Doc. 10) at 3 ("If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding to take your property be transferred by the court to the Federal judicial district in which you reside."). Defendant has requested a hearing in his judicial district. (Doc. 10) at 4. The United States argues that Defendant is not entitled to a hearing because he filed his Claim for Exemptions outside the prescribed time limit and because he has failed to claim a proper exemption that could form the basis for a hearing. If the Court found a hearing necessary, however, the United States would not oppose transfer of the case to the Southern District of Mississippi. (Doc. 15).

The Court has two question to resolve: First, whether Defendant is entitled to a hearing that would warrant transfer of this case; and second, whether his Motion to Dissolve is meritorious.

The Federal Debt Collection Practices Act provides a debtor with two routes to request a hearing challenging a writ of garnishment via 28 U.S.C. 3202(d) and 28 U.S.C. § 3205(c)(5). "Under [§ 3202], the issues at such a hearing are limited to 'the probable validity of any claim of exemption by the judgment debtor' and whether the United States complied with statutory notice requirements." *United States v. Lopez*, 672 F. App'x 910, 914 (11th Cir. 2016) (internal citations omitted). Under § 3205, Defendant could also request a hearing within 20 days of receipt of Morgan Stanley's answer by filing "a written objection to the answer and request[ing] a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds." *Id*.

The Court finds that the substance of Defendant's request for a hearing places it under the purview of § 3202 rather than § 3205. Hearings under § 3205 are designed to allow Defendant to object to Morgan Stanley's answer. Defendant's request for a hearing contains no such objections or otherwise contests anything contained in Morgan Stanley's answer. In fact, Defendant's request for a hearing arises from his response to the Claim for Exemption form, (Doc. 10), which places it squarely within the subject matter contemplated by a § 3202 hearing.

By the plain terms of the § 3202 deadlines, Defendant's request was due to be filed on November 27, 2019, 20 days after Defendant received the United States' notice on November 7, 2019. (Doc. 7). Defendant's motion for a hearing is postmarked December 3,

3

2019, and was filed in this Court on December 5, 2019. (Doc. 10) at 5. Thus, his request for a hearing is due to be denied.

Having found that Defendant is not eligible for a hearing, the Court also finds that Defendant's Motion to Dissolve Writ of Garnishment lacks merit. (Doc. 6). In his Motion, he argues that Morgan Stanley holds one of his retirement accounts that is exempt from execution under 18 U.S.C. § 3613(a)(1). (Doc. 6) at 1-2. On his Claim for Exemption form, he has checked boxes indicating that he has exempt unemployment benefits, certain exempt annuity and pension payments, and a minimum exemption for wages, salary, and other income that should not be subject to garnishment. (Doc. 10) at 1-2. In an attached letter, he explains that the account being levied is exempt under ERISA. *Id.* at 4.

A cursory review of the writ of garnishment verifies the United States' position: Defendant's one IRA account under Morgan Stanley's control (Doc. 5) is not exempt property. *See generally* (Doc. 11) at 4. *See also U.S. v. Fussell*, 567 F. App'x 869, 871 n. 2 (11th Cir. 2014). Defendant cites no law for the proposition that accounts governed by ERISA are universally exempt from collection. Defendant has failed to proffer any facts supporting his contention that he has protected unemployment benefits, covered pension payments, or minimum exemptions.[1] Because of this, even if Defendant's Claim for Exemptions form had been timely filed and he was entitled to a hearing, his Motion to Dissolve is still due to be denied.

---

[1] Furthermore, the form also indicates that minimum exemptions do not apply in criminal cases.

4

Defendant's companion case, however, is in a different posture. *U.S. v. Nutt*, 2:19-mc-3903 (M.D. Ala. 2019). In it, the Court issued the Writ of Garnishment on November 18, 2019. (Doc. 3). Defendant was served on December 6, 2019. (Doc. 10). Defendant filed a Motion to Dissolve Writ of Garnishment (Doc. 6) and a Claim for Exemption form containing his request for a hearing (Doc. 5). Both the Motion and the exemption form are postmarked December 17, 2019 and filed in this Court on December 19, 2019. (Doc. 6) at 4, (Doc. 5) at 5. In this case, Defendant's request is timely. *See* 28 U.S.C. § 3202(d). When a defendant in a garnishment action timely invokes his right to a hearing under § 3202, the Court is required to provide the hearing, regardless of the Court's impression of the underlying merits. *United States v. Peters*, 783 F.3d 1361 (11th Cir. 2015). Therefore, the Court concludes that this case should be transferred to Defendant's judicial district for further proceedings.

Accordingly, it is

RECOMMENDED that the district judge VACATE the order consolidating these cases. (Doc. 16 in the lead case, Doc. 15 in the companion case). It is further

RECOMMENDED that the district judge DENY Defendant's Motion for Joinder/Consolidation (Doc. 8 in the companion case) as moot. It is further

RECOMMENDED that the district judge DENY Defendant's Motion to Dissolve and Motion for Hearing (Docs. 6, 10) in the lead case and CLOSE the case. *U.S. v. Nutt*, 2:19-mc-3900-WKW (M.D. Ala. 2019). It is further

RECOMMENDED that the district judge TRANSFER the companion case to the United States District Court for the Southern District of Mississippi for further proceedings. *U.S. v. Nutt*, 2:19-mc-3903-WKW (M.D. Ala. 2019).

On or before **September 10, 2020**, Defendant may file objections to this Recommendation. Defendant must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; see *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of August 2020.

       /s/ Stephen M. Doyle
       STEPHEN M. DOYLE
       CHIEF UNITED STATES MAGISTRATE JUDGE