IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:19-MC-3900-WKW |
| ) | [WO] |
| GLENN EDWARD NUTT, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| MORGAN STANLEY, ) | |
| ) | |
| Garnishee. ) | |

## **ORDER**

It is ORDERED as follows:

(1)   Garnishee Morgan Stanley shall promptly forward the identified nonexempt funds (*see* Doc. # 5) to the Clerk of the Court, One Church Street, Suite B-110, Montgomery, AL 36104; and

(2)   The Clerk of Court is DIRECTED to apply these funds to the restitution balance owed by Defendant.

It is further ORDERED that, pursuant to 28 U.S.C. § 3205(c)(10), this garnishment shall remain in effect until satisfaction of the debt owed to Plaintiff, until exhaustion of the property in the possession, custody, or control of the Garnishee in which the debtor has a substantial nonexempt interest, or by order of this court quashing the Writ of Garnishment.

Upon termination of the Writ of Garnishment as outlined above and as required by 28 U.S.C. § 3205(c)(9)(B), Plaintiff United States of America shall make a cumulative accounting of all property it receives under the Writ of Garnishment to the Garnishee and Defendant within ten days after the garnishment terminates.  Within ten days of receipt of such accounting, Defendant and/or Garnishee may file a written objection to the accounting, stating the grounds for objection, and request a hearing.

The Clerk of the Court is DIRECTED to administratively close this action subject to reopening for good cause shown.  The administrative closure does not affect the validity of the continuing Writ of Garnishment.

DONE this 28th day of September, 2020.

                                           /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE